UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert Carroway, | ) | C/A No.   2:07-1245-MBS-RSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| Cecilia R. Reynolds, Warden; | ) | |
| Donald Beckwith, Associate Warden; | ) | |
| Julie McKay, Associate Warden; | ) | |
| Jerry Washington, Major; | ) | |
| Penny West, Mail Room, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

RECEIVED USDC CLERK, CHARLESTON, SC
2007 JUL -2 P 2: 10

The plaintiff, (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Kershaw Correctional Institution (KCI), a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names SCDC employees as defendants.[2] Plaintiff claims that his civil rights were violated when a policy was instituted freezing all mail at KCI, following an infraction by a single inmate. Plaintiff seeks monetary damages, as well as the criminal prosecution of defendants for mail fraud. Plaintiff admits he has made no attempt to exhaust

---

[1] Pursuant to the provisions of  28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

his administrative remedies.  The complaint should be dismissed for failure to state a claim upon which relief may be granted.

### Pro Se and In Forma Pauperis Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents:  *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious."  § 1915(e)(2)(B)(i), (ii).  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua*

2

*sponte. Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*).  Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Discussion

This civil rights action was initiated by Plaintiff as one of fifty-one plaintiffs who signed a single letter, construed as a

complaint. In *Charles v. Reynolds*, C/A No. 2:07-1050-MBS-RSC, the undersigned United States Magistrate Judge authorized the Clerk of Court to assign a separate civil action number to each of the fifty-one plaintiffs listed in the original complaint, with the "lead" plaintiff remaining as the only plaintiff in that case. The above-captioned case is a result of the assignment of an individual case number, so that this particular Plaintiff may proceed with this suit for any individual injuries he may have sustained. In response to a proper form order, Plaintiff has submitted a complaint form, containing information nearly identical to that of each of the other plaintiffs who responded to the proper form orders in these cases.

Plaintiff claims that all of the mail at the correctional institution was "frozen" after one inmate tried to obtain a "SIM" card through the institution's mail system. (A SIM card is a "Subscriber Identity Module" which can be removed from one mobile phone and inserted in another thus changing the phone's identity). Plaintiff complains that this "mass punishment" violated his civil rights.

Plaintiff admits, on the face of his complaint, that he has made no attempt to exhaust administrative remedies.

Because Plaintiff is a prisoner, 42 U.S.C. § 1997e(a) is applicable to his civil rights action. Title 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison

4

conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The United States Supreme Court has held that under 42 U.S.C. § 1997e(a) an inmate must exhaust administrative remedies irrespective of the form of relief sought, so that an inmate seeking money damages must exhaust administrative processes available even if the remedy sought, money damages, cannot be awarded in the process. *Booth v. Churner*, 532 U.S. 731 (2001). Even more recently, the United States Supreme Court held "that § 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle* 534 U.S. 516, 519 (2002). In *Porter*, the Court makes it clear that the PLRA's exhaustion requirement applies to all prisoner suits concerning prison life. *Id.*

Plaintiff has not exhausted the administrative remedies available to him as required by § 1997e(a). Plaintiff acknowledges that KCI has a grievance process for prisoners. Amended Complaint at 2. Plaintiff further admits that he did not take any steps to pursue relief through the institution's grievance procedure. *Id.* The United States Supreme Court has stated that "[s]ince internal problems of state prisons involve issues so peculiarly within state authority and expertise, the States have an important interest in not being bypassed in the correction of those problems." *Preiser v.*

5

*Rodriguez*, 411 U.S. 475, 492 (1973).  Plaintiff is attempting to bypass the administrative grievance process of the correctional institution.

Although the lack of exhaustion of administrative remedies is an affirmative defense and not a jurisdictional infirmity, if the lack of exhaustion is apparent from the face of the prisoner's complaint *sua sponte* dismissal prior to service of the complaint is appropriate.  *See Anderson v. XYZ Correctional Health Services*, 407 F.3d 674, 683 (4th Cir. 2005); *Jones v. Bock*, 127 S.Ct. 910, 915 (2007); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655-56 (4th Cir. 2006) (*in forma pauperis* proceedings "implicate important judicial and public concerns not present in the circumstances of ordinary civil litigation").

As it is clear on the face of the complaint that Plaintiff has made no attempt to file a grievance and exhaust the administrative remedies available to him as required by 42 U.S.C. § 1997e(a), he is precluded from bringing this § 1983 action.  Plaintiff's complaint should be dismissed *without prejudice* for failure to exhaust administrative remedies, allowing Plaintiff the opportunity to file a new suit after exhaustion requirements are met.

6

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Todd v. Baskerville* at 74; 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. Plaintiff's attention is directed to the notice on the following page.

Respectfully submitted,

Robert S. Carr
U.S. Magistrate Judge

July **2**, 2007
Charleston, SC

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).